KATJA LOEFFELHOLZ (SBN 224407)
kl@dpf-law.com
JOY L. DURAND (SBN 245413)
jdurand@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 340- 7239

*Attorneys for Plaintiff*
*Domaine Carneros, Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMAINE CARNEROS, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CHATEAU DE REVE LLC, <br><br> Defendant. | **Case No. _____** <br><br> **COMPLAINT** <br><br> **1. Federal Trademark Infringement** <br> **2. Federal Unfair Competition and False Designation Of Origin** <br> **3. Unfair Competition Under Cal. Bus. & Prof. Code §17200** <br> **4. Common Law Trademark Infringement** <br> **5. Common Law Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Domaine Carneros, Ltd. ("Plaintiff"), for its Complaint against Defendant Chateau De Reve LLC ("Defendant"), alleges, upon personal knowledge with respect to itself and its acts, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This action arises from Defendant's infringement of Plaintiff' trademark rights by using trademarks for its wine that are identical to and/or confusingly similar to Plaintiff's well-

known LE REVE® trademark. Under these circumstances, consumer confusion is inevitable. This Complaint asserts causes of action under the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition and false designation of origin (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200) and common law trademark infringement and unfair competition, as the result of the unauthorized use by Defendant of colorable imitations of Plaintiff's LE REVE® trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's LE REVE® trademark, monetary damages, attorneys' fees, and related relief.

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the state of Delaware with its principal place of business at 1240 Duhig Road, Napa, California 94558. Plaintiff is the owner of the LE REVE® trademark.

3. Defendant is a limited liability company organized under the laws of the state of California with its principal place of business at 40110 Calle Bandido, Murrieta, California 92562. Defendant produces wine featuring the trademarks LE REVE and CHATEAU DE REVE.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the

1  infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

3  7. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to
4  be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

6  8. Plaintiff was established in 1987 by Claude Taittinger ("Taittinger") of the famous
7  French Taittinger Champagne House. Taittinger believed that he could produce some of the best
8  wines of the century from the unique Carneros terroir in the heart of Napa Valley. Taittinger chose
9  Eileen Crane, often referred to as America's doyenne of sparkling wine, to develop and oversee the
10 production of sparkling wine using the same method as done in Champagne, France.

11 9. Plaintiff is best known as a grower-producer of méthode traditionelle ("traditional
12 method") sparkling wines, estate vineyards and its breathtakingly beautiful Château which is
13 recognized as a regional landmark. While méthode traditionelle is the most time consuming and
14 costly way to produce sparkling wine, it is the only method used by Plaintiff to produce its top-
15 quality sparkling wines. This technique is unique in that the wine undergoes a second fermentation
16 in the bottle. Plaintiff's vintage-dated sparkling wines are aged in the bottle for at least three years,
17 while Plaintiff's esteemed LE REVE® Blanc de Blancs is aged a minimum of six years prior to
18 release.

19 10. Plaintiff's LE REVE® sparkling wine is produced from Plaintiff's best fruit and
20 crafted to be the highest expression of Plaintiff's sparkling wine portfolio. Plaintiff has dedicated
21 substantial efforts and resources to developing and producing its renowned LE REVE® sparkling
22 wine. As a result of its efforts and acclaimed wine making, Plaintiff's sparkling wines are widely
23 considered by consumers and industry experts to be among the finest in the United States. In fact,
24 Plaintiff's LE REVE® sparkling wine was served in 1995 and again in 1999 at White House State
25 Dinners.

26 ///
27 ///
28 ///

11. Plaintiff's LE REVE® trademark is depicted on its labels in an all-caps serif typeface as depicted below:



The labels for Plaintiff's LE REVE® sparkling wines also feature an image of Plaintiff's iconic French-inspired Château and a black and gold color scheme.

12. Since as early as April of 1998, Plaintiff has used the inherently distinctive trademark LE REVE® to market and sell sparkling wine throughout the United States. Plaintiff has expended substantial time, money, effort, and resources to the development and promotion of the LE REVE® trademark and the sparkling wine offered in connection with the LE REVE® brand. As a result of Plaintiff's efforts and the superior quality of the sparkling wine offered under the LE REVE® trademark, the public has come to recognize and rely upon the LE REVE® trademark as an indication of high-quality sparkling wine and the LE REVE® trademark enjoys substantial goodwill in the marketplace and is a valuable asset of Plaintiff.

13. Plaintiff is the owner of the trademark LE REVE® for sparkling wines as well as the owner of incontestable U.S. Trademark Registration No. 2,255,988 for LE REVE® for wines and sparkling wines in International Class 33, issued on June 22, 1999 with constructive rights dating back to July 31, 1997 (the "LE REVE® Registration"). As indicated in the LE REVE® Registration, the term LE REVE translates into English as THE DREAM. Plaintiff has used the LE REVE® mark on and in association with sparkling wine since as early as April 1998, long prior to the acts of Defendant complained of herein.

///

14. The LE REVE® Registration is incontestable and in full force and effect on the United States Patent and Trademark Office's Principal Register and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the LE REVE® mark for wines and sparkling wines throughout the United States.

15. LE REVE® sparkling wines are enormously popular and have received numerous accolades and awards over the years. For example, LE REVE® sparkling wines have earned gold, double gold, best of class and best of show honors at many prestigious wine competitions including the San Francisco International Wine Competition, the American Fine Wine Competition, the Critics Challenge International Wine Competition, the San Diego International Wine Competition, the Winemaker Challenge and the Texas Sommelier Conference.

16. Plaintiff's LE REVE® sparkling wines have also received widespread attention from third party wine critics and media. Since 2012, alone, LE REVE® wines have received over forty-five scores of 90 points or above from leading wine publications including *Wine Enthusiast* and *Wine Spectator* magazines and highly regarding wine critics including James Suckling and Owen Bargreen.

17. As a result of Plaintiff's widespread use of the LE REVE® mark in the United States, extensive advertising and promotion of the sparkling wines sold in connection with the LE REVE® trademark, and the brand's continuous and unsolicited media coverage, the LE REVE® trademark enjoys a high degree of consumer recognition and has become a well-known mark.

18. Defendant uses the marks LE REVE and CHATEAU DE REVE in connection with the production and sale of wine. On July 26, 2023, Plaintiff sent a demand letter to Defendant requesting that it cease use of the LE REVE and CHATEAU DE REVE marks. On August 23, 2023, Defendant declined Plaintiff's request and indicated that it saw no reason why Plaintiff's LE REVE® mark and its LE REVE and CHATEAU DE REVE marks could not coexist in the marketplace.

///

///

///

19. Defendant's LE REVE mark is depicted on its labels in an all-caps serif typeface. The labels for Defendant's LE REVE and CHATEAU DE REVE marks also feature an image of Defendant's French-inspired Château and a black and gold color scheme as depicted below:



Defendant advertises that its LE REVE mark translates into English as THE DREAM and its CHATEAU DE REVE mark translates into English as THE DREAM CHATEAU.

20. Defendant's LE REVE mark is identical to Plaintiff's LE REVE® mark. Defendant's CHATEAU DE REVE mark is highly similar to Plaintiff's LE REVE® mark. Given that Defendant is using its LE REVE and CHATEAU DE REVE marks on goods identical to Plaintiff's goods, namely California wine, Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's wine and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's wine originates from, is associated or affiliated with, or otherwise authorized by Plaintiff.

21. Defendant's infringing use of the LE REVE and CHATEAU DE REVE marks will unjustly increase the profitability of Defendant's LE REVE and CHATEAU DE REVE wine to the detriment of Plaintiff and at no cost to Defendant.

22. Plaintiff will be further harmed as consumers will purchase Defendant's LE REVE and CHATEAU DE REVE wine believing it to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of Plaintiff's wine under the LE REVE® mark,

resulting in loss of sales to Plaintiff from Defendant's unfair competition.

23. Defendant's infringing use of the identical LE REVE mark and the confusingly similar CHATEAU DE REVE mark will financially harm Plaintiff by diminishing the value of Plaintiff's LE REVE® mark.

24. Defendant's use of the LE REVE and CHATEAU DE REVE marks will endanger the ability of Plaintiff's LE REVE® mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

25. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's LE REVE® mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's to the Defendant.

26. Unless restrained by this Court, Defendant will unfairly compete with Plaintiff by using the LE REVE and CHATEAU DE REVE marks, and Plaintiff is without adequate remedy at law.

27. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

28. Despite Plaintiff's attempts to resolve this dispute amicably, Defendant has persisted in using the infringing LE REVE and CHATEAU DE REVE marks, leaving Plaintiff no choice but to file this Complaint.

### FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

29. Defendant's actions as described above and Defendant's use of the LE REVE and CHATEAU DE REVE marks in commerce constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

30. Defendant's adoption and use of marks identical to and/or confusingly similar to Plaintiff's LE REVE® mark will cause irreparable injury to the value and goodwill of the LE REVE® mark, as well as to Plaintiff's business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

31. As a result of Defendant's infringement, Plaintiff has incurred damages in an amount to be proven at trial.

32. Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Plaintiff is therefore entitled to recover three times the amount of its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. §1125)

33. Defendant's actions as described above and Defendant's use of the LE REVE and CHATEAU DE REVE marks in commerce constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

34. Defendant's adoption and use of marks identical to and/or confusingly similar to Plaintiff's LE REVE® mark will cause irreparable injury to the value and goodwill of the LE REVE® mark, as well as to Plaintiff's business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

35. As a result of Defendant's infringement, Plaintiff has incurred damages in an amount to be proven at trial.

36. Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Plaintiff is therefore entitled to recover three times the amount of its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## THIRD CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

37. Defendant's actions described above related to use of the LE REVE and CHATEAU DE REVE trademarks in commerce constitute unlawful, unfair or fraudulent business acts or

practices in violation of Cal. Bus. & Prof. Code §17200.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

38. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## FIFTH CAUSE OF ACTION

(Common Law Unfair Competition)

39. The Defendant's above-averred actions constitute a false designation of origin in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That Defendant and its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a. Using the terms LE REVE, CHATEAU DE REVE, or any term or mark confusingly similar to Plaintiff's LE REVE® mark including but not limited to any mark encompassing the term REVE, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcoholic beverages, or products or services related to alcoholic beverages;

    b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendant or that the goods of Defendant originate with Plaintiff or are likely to lead the trade or public to associate Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.      That Defendant and its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing marks together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.      That Defendant be ordered to recall infringing LE REVE and CHATEAU DE REVE wine in distribution in the marketplace;

5.      That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiff's LE REVE® trademark;

6.      That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's wine;

7.      That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

8.      That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by an accounting;

9.      That Plaintiff be awarded three times Defendant's profits and three times of all Plaintiff's damages, suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiff's costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

10.     That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition under Cal. Bus. & Prof. Code § § 17200 *et seq.*;

11.     That Plaintiff be awarded three times Defendant's profits and three times Plaintiff's damages suffered as a result of the willful, intentional, and deliberate acts in violation of Cal. Bus. & Prof. Code §§ 14247 and 14250;

12.     That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

13.  That Plaintiff's damages be trebled and that Defendant be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

14.  That Plaintiff be awarded punitive damages as a result of Defendant's conduct;

15.  That Plaintiff be granted prejudgment and post judgment interest;

16.  That Plaintiff be granted costs associated with the prosecution of this action; and

17.  That Plaintiff has such other and further relief as this Court shall deem just and proper on the merits.

DATED:  September 25, 2023                DICKENSON, PEATMAN & FOGARTY

By: _____
Katja Loeffelholz (SBN 224407)
kl@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

*Attorneys for Domaine Carneros, Ltd.*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury in this matter.

DATED:  September 21, 2023

DICKENSON, PEATMAN & FOGARTY

By: _____
Katja Loeffelholz (SBN 224407)
kl@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

*Attorneys for Plaintiff*
*Domaine Carneros, Ltd.*